UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| DAVID W. VENESS and JULIE K. VENESS, on behalf of themselves and others similarly situated, | |
| Plaintiffs, | Case No.: 17-cv-338 |
| HEYWOOD, CARI, & ANDERSON, S.C. | Class Action Complaint |
| Defendant, | Jury Trial Demanded |

---

## NATURE OF THE ACTION

1.  This is a class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

2.  Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3.  As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—recently explained, "[h]armful debt collection practices remain a significant concern today. The CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4.  To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their

---

[1] *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014).

1

alleged debts and consumers' rights. 15 U.S.C. § 1692g(a). A debt collector must send this notice "[w]ithin five days after the *initial communication* with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a) (emphasis added).

5.   As noted by the CFPB and the Federal Trade Commission, "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid,'" *see Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)), and to guarantee that consumers would receive adequate notice of their legal rights. *See* S. Rep. No. 382, 95th Cong., 1st Sess. 4, 8, *reprinted in* 1977 U.S. Code Cong. & Admin. News 1695, 1699, 1702.

6.   This case arises out of the antiquated practice of serving a validation notice on a consumer who is a defendant in a state court debt collection lawsuit at the same time the debt collector serves the summons and complaint on the consumer.

7.   This practice appears to have originated out of a previous lack of clarity as to whether a state court complaint to collect a consumer debt was an "initial communication" under the FDCPA. *Compare, e.g.*, *Vega v. McKay*, 351 F.3d 1334, 1337 (11th Cir. 2003) (holding that a summons and complaint do not constitute "initial communications" triggering the debt validation notice requirements of § 1692g), *with Thomas v. Law Firm of Simpson & Cybak*, 392 F.3d 914, 920 (7th Cir. 2004) (finding that a summons and complaint served in a state court action constitute an "initial communication" under the FDCPA), *superseded by statute as stated in Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 472 (7th Cir. 2007).[2]

---

[2]   Internal citations and quotations are omitted, and emphasis is added, unless otherwise noted.

8. But in 2006, the FDCPA was amended to clearly articulate that "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)." 15 U.S.C. § 1692g(d); *see also Beler*, 480 F.3d at 473 ("A recent amendment nullified the holding of *Thomas*: legal pleadings no longer need be preceded or accompanied by verification notices. Pub. L. 109-351, 120 Stat. 2006 (Oct. 13, 2006), adding 15 U.S.C. § 1692g(d)").

9. Nonetheless, over 10 years later, some debt collectors continue to attach validation notices to summonses and complaints they file and serve on consumers. This unnecessary practice creates numerous risks and confusion for the consumers who are the targets of the debt collection activity.

10. For instance, because a state-court complaint is not an initial communication, service of a complaint triggers neither a debt collector's obligations under 15 U.S.C. § 1692g, nor a consumer's concomitant rights under that provision of the FDCPA. Thus, by serving a validation notice with a summons and complaint, the debt collector misleads the consumer into believing the consumer has certain rights under the law that the consumer does not have.

11. Moreover, the timing requirements for responding to a complaint in many state courts are often shorter in duration than the timing requirements for disputing a debt under 15 U.S.C. § 1692g. As a result, serving a validation notice with a summons and complaint in such jurisdictions is likely to confuse the consumer as to when and how the consumer needs to respond to the complaint, and in a worst-case scenario, can result in the consumer missing the deadline to respond to the complaint. *See Thomas*, 392 F.3d at 919 ("Sending the notice along with the pleadings, or shortly thereafter, might also confuse the debtor. A debtor must comply with deadlines imposed by court rules and judges, even if that debtor has requested verification of the

3

debt. While the § 1692g notice indicates that the debtor has 30 days to dispute his debt, in federal court a defendant must answer a complaint within 20 days of its filing. Failing to timely file an answer could result in a default judgment. Thus, the validation notice could potentially give a debtor the false impression that it has 30 days before it is required to take any action in the lawsuit.").

12. Upon information and belief, Heywood, Cari & Anderson, S.C. ("Defendant") routinely serves validation notices on consumers in conjunction with the service of summonses and complaints to collect consumer debt, in violation of the FDCPA.

13. As a result of these violations, David W. Veness and Julie K. Veness ("Plaintiffs") bring this case as a class action seeking damages for themselves and others similarly situated.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

15. Venue is proper before this Court under 28 U.S.C. § 1391(b)(2), where the events giving rise to Plaintiffs' action occurred in this this District, and where Defendant transacts business, and has its principal offices, in this District.

## PARTIES

16. Plaintiffs are natural persons who reside in Sawyer County, Wisconsin.

17. As such, Plaintiffs are each a "consumer" as defined 15 U.S.C. § 1692a(3).

18. Plaintiffs are obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

19. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—

namely, promissory notes in favor of the Unites States acting through Rural Housing Service, Successor in Interest to Farmers Home Administration (the "RHS") (the "Debt").

20. Defendant is a law firm based in Hudson, Wisconsin.

21. Defendant is an entity that at all relevant times was engaged, by use of the mails telephone, and/or credit reporting, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

22. Upon information and belief, at the time Defendant was hired to collect the alleged Debt from Plaintiffs, the Debt was in default, or Defendant treated the Debt as if it was in default from the time that Defendant acquired it for collection.

23. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

24. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

25. On March 14, 2017, Defendant served Plaintiffs with a summons and mortgage foreclosure complaint (the "Collection Complaint"). A true and correct copy of the Collection Complaint, filed in Wisconsin state court, is attached as Exhibit A.[3]

26. The summons advised Plaintiffs, in pertinent part,

> Within 20 days of receiving this Summons (45 days for the State of Wisconsin and 60 days for United States), you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the requirements of the Statutes. The Answer must be sent or delivered to the Clerk of the Court whose address is Courthouse, 10610 Main street, Suite 74, Hayward, WI 54843, and to Samuel R. Cari, Plaintiff's attorney, whose address is Heywood, Cari & Anderson, S.C., 816 Dominion Drive, Suite 100, P.O. Box 125, Hudson, Wisconsin 54016. You may have an attorney help or represent you.

---

[3] Plaintiffs have not included the exhibits to the foreclosure complaint, which are irrelevant to the instant suit.

5

> If you do not provide a proper Answer within 20 days (if State agencies involved: (45 days for State of Wisconsin and 60 days for United States), the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be correct in the Complaint.

*See* Ex. A.

27. Attached to the Collection Complaint was a document titled "Notice Required by the Fair Debt Collection Practices Act (The Act), 15 U.S.C. Section 192 as Amended." A true and correct copy of the "FDCPA Notice" is attached as Exhibit B.

28. The FDCPA Notice provided:

**NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT (THE ACT), 15 U.S.C. SECTION 1692 AS AMENDED**

1. Heywood, Cari & Anderson, S.C. is the creditor's law firm and is attempting to collect a debt for the creditor. Any information the debtor provides to Heywood, Cari & Anderson, S.C. will be used for that purpose

2. The amount of the debt is stated in Paragraph 16 of the Complaint attached hereto.

3. The Plaintiff, as named in the attached Summons and Complaint, is the creditor to whom the debt is owed.

4. The debt described in the Complaint attached hereto and evidenced by the copy of the mortgage note attached hereto will be assumed to be valid by Heywood, Cari & Anderson, S.C., unless the debtor, within thirty (30) days after the receipt of this notice, disputes, in writing, the validity of the debt or some portion thereof.

5. If the debtor notifies Heywood, Cari & Anderson, S.C. in writing within thirty (30) days of the receipt of this notice that the debt or any portion thereof is disputed, Heywood, Cari & Anderson, S.C. will obtain a verification of the debt and a copy of the verification will be mailed to the debtor by Heywood, Cari & Anderson, S.C.

6. If the creditor named as Plaintiff in the attached Summons and Complaint is not the original creditor, and if the debtor makes a written request to Heywood, Cari & Anderson, S.C. within thirty (30) days from the receipt of this notice, the name and address of the original creditor will be mailed to the debtor by Heywood, Cari & Anderson, S.C.

7. Written request should be addressed to Heywood, Cari & Anderson, S.C., 816 Dominion Drive, Suite 100, P.O. Box 125, Hudson, Wisconsin 54016.

29. Upon information and belief, Defendant, as a matter of pattern and practice, includes the FDCPA Notice as an attachment to all debt collection complaints that it serves on Wisconsin consumers.

## CLASS ACTION ALLEGATIONS

30. Plaintiffs bring this action as a class action under Federal Rules of Civil Procedure 23(a) and (b) on behalf of themselves and a class of similarly situated individuals as defined below:

> All persons in the state of Wisconsin to whom, within one year before the date of this complaint, Heywood, Cari & Anderson, S.C. sent a "Notice Required by the Fair Debt Collection Practices Act (The Act), 15 U.S.C. Section 192 as Amended" as part of a lawsuit it filed against such person in connection with the collection of a consumer debt.

Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

31. Upon information and belief, the proposed class is so numerous that joinder of all members is impracticable. The exact number of members of the class is unknown to Plaintiffs at this time and can only be determined through appropriate discovery. The proposed class is ascertainable in that is defined by reference to objective criteria. In addition, upon information and belief, the names and addresses of all members of the class can be identified in business records maintained by Defendant and in public records.

32. Plaintiffs' claims are typical of the claims of the members of the class because Plaintiffs and all class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiffs have suffered the same injuries as each member of the class. Like all members of the proposed class, Defendant sent Plaintiffs a "Notice Required by the

7

Fair Debt Collection Practices Act (The Act), 15 U.S.C. Section 192 as Amended" as part of a lawsuit filed by it against Plaintiffs in connection with the collection of a consumer debt.

33. Plaintiffs will fairly and adequately protect the interests of the members of the class and have retained counsel experienced and competent in class action litigation.

34. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is likely impracticable. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation may make it impracticable for the members of the class to individually redress the wrongs done to them. There will be little difficulty in the management of this action as a class action.

35. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class. Among the issues of law and fact common to the class are:

   a. Defendant's violations of the FDCPA;
   b. Whether including a validation notice when serving a complaint and summons on a consumer constitutes a false, deceptive or misleading practice;
   c. Whether Defendant is a "debt collector" as defined by the FDCPA;
   d. the availability of declaratory relief;
   e. the availability of statutory penalties; and
   f. the availability of attorneys' fees and costs.

36. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**COUNT I: VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(10)**

37. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1-36.

38. The FDCPA at 15 U.S.C. § 1692e(10) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* * *

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

39. Defendant served the FDCPA Notice on Plaintiffs at the same time it served the Collection Complaint.

40. The FDCPA Notice advised Plaintiffs that "[t]he debt described in the Complaint attached hereto and evidenced by the copy of the mortgage note attached hereto will be assumed to be valid by Heywood, Cari & Anderson, S.C., unless the debtor, within thirty (30) days after receipt of this notice, disputes, in writing, the validity of the debt or some portion thereof." *See* Ex. B.

41. The FDCPA Notice further advised Plaintiffs that "[i]f the debtor notifies Heywood, Cari & Anderson, S.C. in writing within thirty (30) days of the receipt of this notice that the debt or any portion thereof is disputed, Heywood, Cari & Anderson, S.C. will obtain verification of the debt and a copy of the verification will be mailed to the debtor by Heywood, Cari & Anderson, S.C." *Id.*

42. The FDCPA Notice concluded by advising Plaintiffs that any "[w]ritten request should be addressed to Heywood, Cari & Anderson, S.C., 816 Dominion Drive, Suite 100, P.O. Box 125, Hudson, Wisconsin 54016." *Id.*

43. These representations are false and misleading because they provide a misleading impression of the process for responding to a lawsuit under Wisconsin law. Specifically, Plaintiffs only had 20 days—not 30—to respond to the complaint without risking default judgment.

44. Moreover, the summons advised Plaintiffs to prepare a "written answer" to both the state court and to Defendant, but the FDCPA Notice only directed Plaintiffs to send their "written request" to Defendant. *See* Ex. A; Ex. B.

45. As a result, and given the conflict between the time period in the summons (20 days) and the time period in the FDCPA Notice (30 days), the least sophisticated consumer would be confused as to when and how she would need to respond to the Collection Complaint.

46. Upon being served with the Collection Complaint, Plaintiffs were, in fact, confused about when and how they needed to respond to the Collection Complaint.

47. Finally, Defendant's representations were false and misleading because they purported to provide Plaintiffs with rights under the law that Plaintiffs did not have, and could not enforce.

48. For instance, as the Collection Complaint was not an "initial communication" within the meaning of the FDCPA, Plaintiffs neither had the legal right to dispute the debt within 30 days after the Collection Complaint was served on them, nor would Defendant be legally obligated to obtain verification of the Debt and provide a copy of such verification to Plaintiffs had Plaintiffs disputed the debt in writing within the 30-day period. Nonetheless, Defendant falsely advised Plaintiffs that they had these exact rights pursuant to the FDCPA.

49. As a result of the foregoing, Defendant violated 15 U.S.C. § 1692e(10).

50. The harm suffered by Plaintiffs is particularized in that the illegal debt collection conduct was targeted at them personally and regarded their personal alleged debt. Likewise,

Defendant's actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers, causing them to misunderstand their rights. And here, upon receiving the Collection Complaint and FDCPA Notice, Plaintiffs were confused as to what their rights were and when and how to respond to the Collection Complaint.

### COUNT II: VIOLATION OF THE FDCPA, 15 U.S.C. § 1692g(a)(3)

51. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1-36.

52. The FDCPA at 15 U.S.C. § 1692g(a)(3) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

*****

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

53. To the extent that Defendant contends that the FDCPA Notice should be construed as Defendant's initial communication with Plaintiffs in connection with collection of the Debt, the FDCPA Notice did not contain the proper disclosures required by 15 U.S.C. § 1692g(a)(3), and Defendant did not provide such disclosures within five days thereafter.

54. Specifically, the FDCPA Notice violated 15 U.S.C. § 1692g(a)(3) because it required disputes to be in writing when there is no requirement under 15 U.S.C. § 1692g(a)(3) that disputes be made in writing. *See, e.g.*, *Campbell v. Hall*, 624 F. Supp. 2d 991, 995, 1000 (N.D. Ind. 2009) ("This Court agrees with the reasoning of the Ninth Circuit in *Camacho* and the weight

of the authority from district courts which have held that § 1692g(a)(3) of the FDCPA should be interpreted to allow consumers to dispute the validity of their debt in ways other than writing.").

55. As a result, Defendant violated 15 U.S.C. § 1692g(a)(3).

56. The harm suffered by Plaintiffs is particularized in that the illegal debt collection conduct was targeted at them personally and regarded their personal alleged debt. Likewise, Defendant's actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers, causing them to misunderstand their rights and to not vindicate the protections afforded them by federal law. And here, upon receiving the Collection Complaint and FDCPA Notice, Plaintiffs were confused as to what their rights were.

**WHEREFORE**, Plaintiffs pray for relief and judgment, as follows:

a. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

b. Adjudging and declaring that Defendant violated 15 U.S.C. § 1692e(10) or, alternatively, 15 U.S.C. § 1692g(a)(3);

c. Awarding Plaintiffs and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

d. Enjoining Defendant from future violations of 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692g(a)(3) with respect to Plaintiffs and the class;

e. Awarding Plaintiffs and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

f.  Awarding Plaintiffs and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

g.  Awarding other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury.

Dated: May 5, 2017  Respectfully submitted,


*/s/ Matthew C. Lein*

**MATTHEW C. LEIN**
Lein Law Offices
15692 Highway 63 North
Hayward, WI 54843
Telephone: 715.634.4273
Fax: 715.634.5051
mlein@leinlawoffices.com


*/s/ James L. Davidson*

**JAMES L. DAVIDSON**
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: 561.826.5477
Fax: 561.961.5684
jdavidson@gdrlawfirm.com

Counsel for Plaintiffs and the proposed class