UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID W. VENESS and JULIE K. VENESS,
on behalf of themselves and others similarly
situated,

          Plaintiffs,

vs.

HEYWOOD, CARI & ANDERSON, S.C.,

          Defendant.

Case No.: 17-CV-338-bbc

---

**DECLARATION OF JAMES L. DAVIDSON IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, James L. Davidson, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. My name is James L. Davidson.

2. I am over twenty-one years of age, and am fully competent to make the statements contained in this Declaration.

3. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

4. I am a partner at the law firm of Greenwald Davidson Radbil PLLC, counsel for David W. Veness and Julie K. Veness ("Plaintiffs") and proposed Class Counsel in the above-entitled action.

5. I graduated from the University of Florida in 2000 and the University of Florida Fredric G. Levin College of Law in 2003. I have extensive experience litigating consumer protection class actions.

6. My firm has been appointed class counsel in numerous class actions throughout the

1

country, including those brought under the Fair Debt Collection Practices Act ("FDCPA") as well as other consumer protection statutes.  *See, e.g.*, *Johnson v. Navient Solutions, Inc., f/k/a Sallie Mae, Inc.*, No. 1:15-cv-0716-LJM (S.D. Ind. July 13, 2017) and *Toure and Heard v. Navient Solutions, Inc., f/k/a Sallie Mae, Inc.*, No. 1:17-cv-00071-LJM-TAB (S.D. Ind. July 13, 2017); *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-CV-2424-T-23JSS, 2017 WL 2472499 (M.D. Fla. June 5, 2017); *Johnston v. Kass Shuler, P.A.*,  No. 8:16-cv-3390-T-23AEP, 2017 WL 1231070, at *2 (M.D. Fla. Mar. 29, 2017);  *Cross v. Wells Fargo Bank, N.A.*, No. 1:15-CV-01270-RWS, 2016 WL 5109533, at *1 (N.D. Ga. Sept. 13, 2016); *Roundtree v. Bush Ross, P.A.*, No. 14-357, 2016 WL 360721, at *2 (M.D. Fla. Jan. 28, 2016); *Schuchardt v. Law Office of Rory W. Clark*, No. 15-01329, 2016 WL 232435, at *6 (N.D. Cal. Jan. 20, 2016); *Kemper v. Andreu, Palma & Andreu, PL*, No. 15-21226, Doc. 36 (S.D. Fla. Jan. 11, 2016); *Whitford v. Weber & Olcese, P.L.C.*, No. 15-400, 2016 WL 122393 (W.D. Mich. Jan. 11, 2016); *Chapman v. Bowman, Heintz, Boscia & Vician, P.C.*, No. 15-120, 2015 WL 9478548, at *4 (N.D. Ind. Dec. 29, 2015); *McWilliams v. Advanced Recovery Sys., Inc.*, 310 F.R.D. 337, 340 (S.D. Miss. 2015); *Gonzalez v. Dynamic Recovery Solutions, LLC*, Nos. 14-24502, 14-20933, 2015 WL 738329, at *2 (S.D. Fla. Feb. 23, 2015); *Ritchie v. Van Ru Credit Corp.*, No. 2:12-CV-01714-PHX-SM, 2014 WL 3955268, at *2 (D. Ariz. Aug. 13, 2014).

7. More information about my firm can be found on our website, www.gdrlawfirm.com.

8. The parties here have reached a settlement that I firmly believe is fair, reasonable, and adequate, and in the best interests of all members of the proposed class.

9. As more specifically set forth in the parties' Class Action Settlement Agreement (the "Settlement Agreement"), the settlement requires Heywood, Cari & Anderson, S.C. ("Defendant") to create a settlement fund of $3,000 to be distributed pro-rata to each of the 49 class members who participate in the settlement—more than $61 each.  In light of, among other things, the limit on

statutory damages under the FDCPA—which are capped by statute at 1% of a defendant's net worth—I believe that the $3,000 common fund is a meaningful result for the class that compares favorably with Plaintiffs' best potential outcome at trial. In addition, Defendant has agreed to change its practices to address the allegations raised in Plaintiffs' complaint.

10. Subject to Court approval, the costs of class notice and administration, an award of attorneys' fees and expenses, and statutory damages for Plaintiffs will also be paid by Defendant, separate and apart from the Settlement Fund.

11. Attached as Exhibit 1 is a true and correct copy of the Settlement Agreement and its exhibits, which include the proposed Preliminary Approval Order at Exhibit A, the Final Order and Judgment at Exhibit B, and the proposed Class Notice at Exhibit C.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ James L. Davidson*
James L. Davidson

Dated: November 14, 2017