UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID W. VENESS and JULIE K. VENESS,
on behalf of themselves and others similarly
situated,

                  Plaintiffs,

vs.

HEYWOOD, CARI & ANDERSON, S.C.,

                  Defendant.

Case No.:  17-CV-338-bbc

---

**PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT**

---

The agreement reached here requires that Heywood, Cari & Anderson, S.C. ("Defendant") create a non-reversionary class settlement fund of $3,000, and separately pay $1,000 in statutory damages to each of David W. Veness and Julie K. Veness ("Plaintiffs") to settle claims under the Fair Debt Collection Practices Act ("FDCPA"). As a result, each of the 49 class members will receive more money as part of this settlement—$61 each—than they could have received if Plaintiffs prevailed at trial and on appeal. In addition, Defendant ceased the complained of practice at issue. Given the settlement fund and important change in Defendant's business practices, Plaintiffs have obtained benefits from this settlement beyond those provided by the FDCPA.

The Court preliminarily approved the parties' settlement on December 29, 2017. *See Veness v. Heywood, Cari & Anderson, S.C.*, No. 17-cv-338-bbc, 2017 WL 6759382, at *5 (W.D. Wisc. Dec. 29, 2017). Thereafter, the class administrator—First Class, Inc. ("First Class")—sent the Court-approved notice via direct mail to each class member. No class member objected to the

1

settlement or excluded themselves from it, and the deadline to do so has now passed.[1] Moreover, no objections resulted from notice provided to governmental agencies under the Class Action Fairness Act ("CAFA"). In light of the benefits set forth above and the lack of opposition from Defendant and the class members, Plaintiffs respectfully submit that this settlement should be finally approved.

## Summary of the Settlement

### I.    Class members will receive approximately $61.22 each, and Defendant will no longer engage in the practice challenged through this lawsuit

The Court previously certified the following settlement class:

> All persons in the state of Wisconsin on whom, between May 5, 2016 and May 5, 2017, Heywood, Cari & Anderson, S.C. served a "Notice Required by the Fair Debt Collection Practices Act (The Act), 15 U.S.C. Section 192 as Amended" as part of a lawsuit it filed against such person in connection with the collection of a consumer debt.

*Veness*, 2017 WL 6759382, at *1. The class consists of 49 persons.

Following preliminary approval, First Class implemented a robust notice program by providing direct mail notice to all class members at their last known address according to Defendant's records. Prior to the mailing, First Class took its usual initial steps of de-duplicating class members' records and updating addresses through the U.S. Postal Service. *See* Affidavit of Bailey Hughes, Dkt. No. 22, at ¶¶ 6-7. Notices were then disseminated on January 19, 2018. *Id.* at ¶ 8. And when 9 notices were later returned as undeliverable with no forwarding addresses, First Class undertook additional search measures to attempt to locate updated addresses for those class members. *Id.* at ¶¶ 10-11. This resulted in the re-mailing of five notices to new addresses. *Id.* at ¶ 11.  In addition, Plaintiffs' counsel has maintained certain relevant documents on its website.[2]

---

[1]    The objection and exclusion deadline was March 20, 2018. *See* Dkt. No. 17.

[2]    *See* http://www.gdrlawfirm.com/Veness-v-Heywood-Cari-Anderson-FDCPA-classaction.

2

The Class's reaction has been universally positive—not one person objected to the terms of the settlement or asked to be excluded. Hughes Aff., at ¶¶ 12-13. Moreover, no objections resulted from notice provided to governmental agencies under the CAFA, either. As a result, each of the 49 class members will receive a check for approximately $61.22 from the $3,000 settlement fund. *See* Dkt. No. 19 at ¶¶ 13-14. In addition, Defendant will no longer engage in the practice that formed the basis for the allegations in Plaintiffs' complaint.

## II.    Plaintiffs will separately receive a full statutory damages award of $1,000 each.

Finally, separate and apart from the class settlement fund, Defendant also will pay $1,000 in statutory damages to each Plaintiff. To that end, the FDCPA at subsection 1692k(a) reads:

(a)  Amount of damages

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

\*        \*        \*

(2)

(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

(B) in the case of a class action, **(i) such amount for each named plaintiff as could be recovered under subparagraph (A), and** (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector.

15 U.S.C. § 1692k(a).[3]

The statute thus expressly provides for a recovery of up to $1,000 for Plaintiffs in addition

---

[3]    Internal citations and quotations are omitted, and emphasis is added, unless otherwise noted.

to such amount as each class member could recover.[4]

## Argument

### I.     This Court should confirm its certification of the settlement class.

This Court previously certified the class. *See Veness*, 2017 WL 6759382, at \*5. Plaintiffs

agree with the Court's reasoning and, as nothing has changed in the interim, do not believe it

necessary to revisit certification in granting final approval. Thus, Plaintiffs respectfully submit that

this Court should confirm its certification of the class.

### II.    This Court should finally approve the parties' settlement as fair, reasonable, and adequate under Rule 23 and applicable Seventh Circuit law.

The Seventh Circuit has identified a number of factors used to assess whether a settlement

proposal is fundamentally fair, adequate, and reasonable: (1) the strength of plaintiffs' case

compared to the terms of the proposed settlement; (2) the likely complexity, length and expense

of continued litigation; (3) the amount of opposition to settlement among affected parties; (4) the

opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery

completed. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006). In

applying these factors, this Court should be guided foremost by the general principle that

settlements of class actions are favored by federal courts. *See Franklin v. Kaypro Corp.*, 884 F.2d

1222, 1229 (9th Cir. 1989) ("It hardly seems necessary to point out that there is an overriding

public interest in settling and quieting litigation. This is particularly true in class action suits").

---

[4]     This amount is also reasonable considering Plaintiffs' work in securing a monetary recovery for members of the class and a change in Defendant's business practices. *See, e.g.*, *See Michel v. WM Healthcare Solutions, Inc.*, No. 1:10–cv–638, 2014 WL 497031, at \*17 (S.D. Ohio Feb. 7, 2014) ("There is precedent for incentive awards in the neighborhood of $1,000 to $5,000 in consumer protection class actions."); *Varacallo v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 207, 259 (D.N.J. 2005) (awarding $1,000 incentive award to plaintiff who was not deposed and not required to produce documents); *Tenuto v. Transworld Sys.*, No. CIV. A. 99–4228, 2002 WL 188569, at \*4–5 (E.D. Pa. Jan. 31, 2002) (granting award of $2,000 in FDCPA class action).

Here, each relevant factor supports the conclusion that the parties' negotiated settlement is fundamentally fair, reasonable, and adequate, and should thus be approved.

**A. The strengths of Plaintiffs' case and the risks inherent in continued litigation and securing class certification favor final approval.**

Every class action necessarily involves some level of uncertainty, both on the merits and on the appropriateness of certification. This case was no different, as there was no guarantee of a damages award here. Indeed, the FDCPA's damages provision is permissive rather than mandatory; it provides for awards up to certain amounts after balancing such factors as the nature of the debt collector's noncompliance, the number of persons adversely affected, and the extent to which the noncompliance was intentional. *See* 15 U.S.C. § 1692k(b)(2). So, even assuming Plaintiffs had proceeded to trial on their class claims and prevailed, it was not a given that a jury would award full statutory damages of 1% of Defendant's net worth. Class members could have been awarded something far less, or even nothing at all. *See Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 683 (N.D. Cal. 2016) ("The FDCPA provides for an award up to certain amounts depending on a number of factors, including the nature of the debt collector's noncompliance. Because damages are not mandatory, continued litigation presents a risk to Plaintiffs of expending time and money on this case with the possibility of no recovery at all for the Class. In light of the risks and costs of continued litigation, the immediate reward to Class Members is preferable.").

Moreover, Defendant still had avenues to defeat class certification and Plaintiff's claims outright, including at trial and through appeal. *See Midland Funding LLC v. Brent*, 644 F.Supp.2d 961 (N.D. Ohio 2009) ("The Fair Debt Collection Practices Act is a set of complex laws with many components. The instant case would be very expensive to fully litigate, and might take years to finally resolve through the course of trial and appeal, creating additional attorney's fees and

reducing any potential payout to the class."); *see also* Dkt. No. 6 at 17 (asserting defense of bona fide error). The parties' agreement ensures benefits to the class above the cap on statutory damages set forth in the FDCPA. Thus, the relative size of the proposed recovery, coupled with the avoidance of uncertainties attendant to continued litigation, weighs in favor of the immediate relief provided by settlement. Given these considerations, final approval of the settlement is appropriate. *Griffin v. Flagstar Bancorp, Inc.*, No. 2:10-cv-10610, 2013 WL 6511860, at *3 (E.D. Mich. Dec. 12, 2013) ("Settlement provides a certain and immediate benefit to the class members and outweighs the risk and cost of a trial on the merits. The prospect of a trial necessarily involves the risk that Plaintiffs would obtain little or no recovery.").

### B.  The stage of the proceedings and experience and views of counsel favor final approval.

During the pendency of this litigation, the parties were able to assess the relative strengths and weaknesses of their respective positions, and to compare the benefits of the proposed settlement to further litigation. Plaintiffs obtained informal discovery, including information regarding the net worth of Defendant, and the number of potential class members. The settlement was therefore consummated with the parties having a clear view towards the possible recovery for the class at trial. *See Mashburn v. Nat'l Healthcare, Inc.*, 684 F. Supp. 660, 669 (M.D. Ala. 1988) ("That is, Class Counsel developed ample information and performed extensive analyses from which to determine the probability of their success on the merits, the possible range of recovery, and the likely expense and duration of the litigation."). As a result, counsel here, who have substantial experience in litigating class actions, and the Court are adequately informed to evaluate the fairness of the settlement. Both Plaintiffs and their counsel firmly believe that the settlement is fair, reasonable, and adequate, and in the best interests of the class. *See Swift v. Direct Buy, Inc.*, Cause Nos. 2:11–CV–401–TLS, 2:11–CV–415–TLS, 2:11–CV–417–TLS, 2:12–CV–45–TLS,

2013 WL 5770633, at *7 (N.D. Ind. Oct. 24, 2013) ("Third, as the Court has already noted, the 'opinion of competent counsel' supports a determination that the settlement is fair, reasonable, and adequate under Rule 23.").

### C. The cash relief afforded by the settlement—when compared to the limitations on damages imposed by the FDCPA—favors final approval.

In evaluating the fairness of the consideration offered in settlement, it is not the role of the Court to second-guess the negotiated resolution of the parties. "[T]he court's intrusion upon what is otherwise a private, consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).

The issue is not whether the settlement could have been better in some fashion, but whether it is fair: "Settlement is the offspring of compromise; the question we address is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Id*. As explained by the Northern District of Indiana in approving a class action settlement in *Swift*:

> Although $20 (the expected pro rata award of the net settlement fund for each class member who filed a claim notice) is not significant in a vacuum, "a dollar today is worth a great deal more than a dollar ten years from now," *Reynolds,* 288 F.3d at 284, and a major benefit of the settlement is that class members will obtain these benefits much more quickly than had the parties not settled. The parties have informed the Court that this case, were it to proceed, would face numerous challenges such that, even if the case reached trial, the class members would not receive benefits for many years, if they received any at all. Faced with the prospect of receiving no recovery—both because DirectBuy might have succeeded in any aspect of what would have been a vigorous defense absent settlement and because DirectBuy had no unencumbered assets—Class Counsel is confident that payment of up to $20.00 per household is an excellent result in this litigation. The parties assert that because the only amount the Plaintiffs could hope to recover after an award of damages is zero, a settlement involving any cash should be considered

adequate.

2013 WL 5770633, at *5.

The settlement here provides immediate cash relief to class members in excess of the cap imposed by the FDCPA. In particular, the FDCPA limits statutory damages to a maximum of one percent of Defendant's net worth. *See* 15 U.S.C. § 1692k(A)(2)(B). Here, Defendant will pay a total of $3,000 to absent class members—an amount that exceeds one percent of its book value net worth. *See Sanders v. Jackson*, 209 F.3d 998, 1004 (7th Cir. 2000) ("net worth" within meaning of § 1692k means "balance sheet or book value net worth" of assets minus liabilities)

Moreover, each participating class member stands to receive over $61, which compares extremely favorably to the individual recoveries in other recent FDCPA class settlements, both within and outside of this Circuit. *See, e.g.*, *Beck v. Thomason Law Firm, LLC*, No. 16-570, ECF No. 24 (D.N.M. Oct. 10, 2017) ($68.70 per class member); *Marcoux v. Susan J. Szwed, P.A.*, No. 15-93, 2017 WL 679150 (D. Me. Feb. 21, 2017) ($42 each); *Gonzalez v. Germaine Law Office PLC*, No. 15-1427, 2016 WL 5844605, at *2 (D. Ariz. Oct. 3, 2016) ($19.25 each); *Bellum v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*, No. 15-2460, 2016 WL 4766079, at *3 (E.D. Pa. Sept. 13, 2016) ($10.92); *Lehmeyer v. Messerli & Kramer, P.A.*, No. 15-2419, ECF No. 61 (D. Minn. Aug. 10, 2016) ($25); *Schell v. Frederick J. Hanna & Assocs.*, No. 15-418, 2016 WL 3654472 (S.D. Ohio July 8, 2016) ($10); *Kausch v. Berman & Rabin, P.A.*, No. 15-537, ECF No. 33 (E.D. Mo. July 8, 2016) ($39.06); *Kemper v. Andreu, Palma & Andreu, PL*, No. 15-21226, ECF No. 52 (S.D. Fla. June 22, 2016) ($10); *Schuchardt*, 314 F.R.D. at 684 ($15.10); *Baldwin v. Glasser & Glasser, P.L.C.*, No. 15-00490, ECF No. 20 (E.D. Va. Mar. 24, 2016) (at least $15.09 per class member); *Whitford v. Weber & Olcese, P.L.C.*, No. 15-400, 2016 WL 122393 (W.D. Mich. Jan. 11, 2016) ($10); *Catala v. Resurgent Capital Services L.P.*, Civil No. 08cv2401 NLS, 2010 WL 2524158, at *3 (S.D. Cal. Jun. 22, 2010) (approving FDCPA settlement of $35,000

distributed cy pres, with no payment to class members); *Cope v. Duggans*, 203 F. Supp. 2d 650, 653 (E.D. La. 2002) ($11.90).[5]

In addition, Defendant will no longer engage in the practice that formed the basis for the allegations in Plaintiffs' complaint. Importantly, Plaintiffs might not have obtained this change in Defendant's practices had they gone to trial. *See Midland*, 644 F. Supp. 2d at 977 ("This Court agrees that declaratory and injunctive relief are not appropriate under the FDCPA.").

Because the class will receive statutory damages in excess of what it could receive had Plaintiffs prevailed at trial and on appeal, and given the change in Defendant's business practice, which will not only benefit the class, but any consumer who encounters Defendant's debt collection practices in the future, the settlement is fair, reasonable, and adequate. As a result, the Court should finally approve the settlement.

**D.  The universally positive reaction of the Class supports final approval.**

"It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) (collecting cases); *see also Sanchez v. Roka Akor Chi. LLC*, No. 14-cv-4645, 2017 WL 1425837, at *2 (N.D. Ill. Apr. 20, 2017) ("The absence of any objections to the Settlement by Class Members likewise supports approval of the Settlement.").

As set forth above, First Class disseminated the Court-approved notice via U.S. Mail to all class members. Not a single person has objected to the settlement or sought to be excluded. Further, Defendant, through First Class, served written notice of the settlement pursuant to CAFA, from

---

[5]    *See also Paxson v. Blatt, Hassenmiller, Leibsker & Moore, LLC*, No. 15-01488, ECF No. 40 (N.D. Ill. Oct. 16, 2015) (approving approximately $5.29 per class member); *Dispennett v. Frederick J. Hanna & Assocs., P.C.*, No. 15-636, ECF No. 37 (W.D. Pa. Sept. 21, 2015) ($5.57 per class member).

which no objections have resulted, either. This universal support weighs in favor of the settlement's approval. *See Hall v. Bank of Am., N.A.*, No.14-CIV-222642014 WL 7184039, at *5 (S.D. Fla. Dec. 17, 2014) (where objections equated "to less than .0016% of the class" and "not a single state attorney general or regulator submitted an objection," "such facts are overwhelming support for the settlement and evidence of its reasonableness and fairness").

**Conclusion**

Plaintiffs respectfully request that the Court finally approve the above-described class action settlement. As noted, neither Defendant nor any class member opposes the relief requested herein.

Dated: April 4, 2018

/s/ *James L. Davidson*
James L. Davidson
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: 561.826.5477
Fax: 561.961.5684
jdavidson@gdrlawfirm.com

Matthew C. Lein
State Bar No. 1084028
Lein Law Offices
15692 Highway 63 North
Hayward, WI 54843
Phone No.:  715-634-4273
Fax No.:  715-634-5051
Email: mlein@leinlawoffices.com

Class Counsel

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was filed using the Court's CM/ECF system, on this 4th day of April 2018, which will send notice to Defendant's counsel of record:

David J. Hanus
Alyssa A. Johnson
Attorneys for Defendant Heywood, Cari & Anderson, S.C.
HINSHAW & CULBERTSON LLP
100 E. Wisconsin Avenue, Suite 2600
Milwaukee, WI 53202

Counsel for Defendant

*/s/ James L. Davidson*
James L. Davidson