UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DAVID W. VENESS and JULIE K. VENESS,
on behalf of themselves and others similarly
situated,

       Plaintiffs,

Case No.: 17-cv-338-bbc

vs.

HEYWOOD, CARI & ANDERSON, S.C.,

       Defendant.

## FINAL ORDER AND JUDGMENT

On May 5, 2017, David W. Veness and Julie K. Veness ("Plaintiffs") filed a class action complaint (hereinafter referred to as the "Lawsuit") against Heywood, Cari & Anderson, S.C. ("Defendant") in the United States District Court, Western District of Wisconsin, Case No. 3:17-cv-00338, asserting class claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

Defendant has denied any and all liability alleged in the Lawsuit.

On November 8, 2017, after extensive arms-length negotiations, Plaintiffs and Defendant (hereinafter jointly referred to as the "Parties") entered into a Class Action Settlement Agreement (hereinafter referred to as the "Settlement Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On November 16, 2017, the Parties filed the Settlement Agreement, along with Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion").

Defendant has caused to be served written notice of the proposed class settlement in

compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715 within ten days of the filing of the Preliminary Approval Motion and Settlement agreement, as is required by law.

On December 29, 2017, upon consideration of Plaintiffs' Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiffs as the Class Representatives; (iv) appointed James L. Davidson of Greenwald Davidson Radbil PLLC and Matthew C. Lein of Lein Law Offices as Class Counsel; and, (v) set the date and time of the Settlement Approval Hearing.

On April 4, 2018, Plaintiffs filed their Motion for Final Approval of Class Action Settlement (the "Final Approval Motion").

On May 16, 2018, a Final Approval Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23 (b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Settlement Agreement, Motion for Final Approval, and the record of these proceedings. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

**CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit:

> All persons in the state of Wisconsin on whom, between May 5, 2016 and May 5, 2017, Heywood, Cari & Anderson, S.C. served a "Notice Required by the Fair Debt Collection Practices Act (The Act), 15 U.S.C. Section 192 as Amended" as part of a lawsuit it filed against such person in connection with the collection of a consumer debt.

Defendant has identified 49 Class Members, including Plaintiffs.

**CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court certifies Plaintiffs as the Class Representatives and James L. Davidson of Greenwald Davidson Radbil PLLC and Matthew C. Lein of Lein Law Offices as Class Counsel. *See, e.g., Ritchie v. Van Ru Credit Corp.,* No. 2:12–CV–01714–PHX–SM, 2014 WL 3955268, at *2 (D. Ariz. Aug. 13, 2014 (McNamee, J.); *Gonzalez v. Dynamic Recovery Solutions, LLC*, Nos. 14-24502, 14-20933, 2015 WL 738329, at *2 (S.D. Fla. Feb. 23, 2015).

**NOTICES TO THE CLASS** – Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed. The form and method for notifying the Class Members of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice was clearly designed to advise the Class Members of their rights.

**FINAL CLASS CERTIFICATION** − The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23 for the purposes of settlement, namely:

A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C. The claims of the Plaintiffs are typical of the claims of the Class Members;

D. The Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiffs' case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and, the limited amount of any potential total recovery for the class. a district court must consider "the strength of plaintiffs' case compared to the amount of defendants' settlement offer, an assessment of the likely complexity, length and expense of the litigation, an evaluation of the amount of opposition to settlement among affected parties, the opinion of competent counsel, and the stage of the proceedings and the amount of discovery completed at the time of settlement." *Isby v. Bayh*, 75 F.3d 1191, 1199 (7th Cir. 1996).

**SETTLEMENT TERMS** – The Settlement Agreement shall be deemed incorporated herein, and the proposed settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Settlement Agreement include, but are not limited to, the following:

1. <u>Settlement Fund</u> – Defendant will establish a $3,000 Settlement Fund (the "Settlement Fund").

2. <u>Settlement Payment to Class Members</u> - Each Class Member who has not excluded himself or herself from the Class with a postmark date no later than 60 days after the Court's entry of the Order of Preliminary Approval of Class Action Settlement will receive a pro rata share of the Settlement Fund. Each settlement check will be will be void ninety days after mailing. To the extent that any funds remain in the Settlement Fund after the void date (from uncashed checks or otherwise), these funds will be distributed to Marquette University Law School Legal Clinic as the *cy pres* recipient.

3. <u>Statutory Award to Plaintiffs</u> – Plaintiffs will receive from Defendant the sum of $1,000 each pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i). These payments will be separate and apart from the Settlement Fund and his pro-rata share of the same.

4. <u>Attorney's Fees and Expenses for Class Counsel</u>: Defendant will pay Class Counsel $22,500 for attorneys' fees, costs and expenses, separate and apart from the Settlement Fund, the Statutory Award to Plaintiffs and any Settlement Administration Costs; and

5. <u>Settlement Notice and Administration</u>: Separate from the Settlement Fund, the Statutory Award to Plaintiffs and the Attorney's Fees and Expenses for Class Counsel, Defendant is responsible for paying all costs of notice and administration of the settlement, which will be completed by First Class, Inc., Class Action Administration.

**OBJECTIONS AND EXCLUSIONS** – The Class Members were given an opportunity to object to the settlement. No Class Members objected to the settlement. No Class Members excluded themselves from the settlement. This Order is binding on all Class Members.

**RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT** – The Class Members and their successors and assigns are permanently barred and enjoined from instituting or prosecuting,

either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Agreement. Pursuant to the release contained in the Settlement Agreement, the Released Claims are compromised, settled, released, discharged, by virtue of these proceedings and this order.

The Lawsuit is dismissed on the merits, with prejudice. Any party may move to reopen the case for good cause.

ORDER

IT IS SO ORDERED.

DATED: May 16, 2018

/s/ James D. Peterson
_____
United States District Judge

ENTERED: May 17, 2018

/s/ Peter Oppeneer
_____
Peter Oppeneer, Clerk of Court